UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ANDREW CURGINO,

      Plaintiff,
vs.

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY,

      Defendant.
_____)

## COMPLAINT

The Plaintiff, Andrew Curgino ("CURGINO"), by and through the undersigned counsel, hereby sues Hartford Life and Accident Insurance Company ("HARTFORD") and alleges:

## PRELIMINARY ALLEGATIONS

1.  "Jurisdiction"- This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by a Plaintiff for employee benefits under and employee benefit plan regulated and governed under ERISA. This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, and to clarify Plaintiff's rights under the employee benefit plan administered and funded by the Defendant. Plaintiff seeks relief, including, but not limited to, payment of benefits, pre-judgment and post-judgment interest, reinstatement of plan benefits at issue herein, and attorney's fees and costs.

2.  CURGINO was at all times relevant a plan participant under the C.V. Starr & Co., Inc.. ("Starr") Long Term Disability Policy, Group No.: GLT402789 ("LTD Plan").

3.  Defendant, HARTFORD, is a corporation with its principal place of business in the State of Connecticut, authorized to transact and is transacting business in, and may be found in the Southern District of Florida and in Broward County. HARTFORD is the insurer of benefits under the Starr LTD Plan and Life Plan and acted in the capacity of a plan administrator. As the decisionmaker and payor of plan benefits, HARTFORD administered the claim with a conflict of interest and the bias this created affected the claims determination.

4.  The HARTFORD LTD and Life Plans are an employee welfare benefit plan regulated by ERISA, established by Starr. under which CURGINO was a participant, and pursuant to which CURGINO is entitled to Long Term Disability benefits ("LTD benefits"). Pursuant to the terms and conditions of the LTD Plan, CURGINO is entitled to LTD benefits for the duration of the Plaintiff's disability, for so long as CURGINO remains disabled as required under the terms and conditions of the LTD plans.

5.  Venue is proper in this district under 29 USC 1132 (e)(2), in that defendant, HARTFORD, is authorized to and is doing business within the Southern District of Florida.

## CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COST PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)

6. CURGINO incorporates by reference all preceding paragraphs as though fully set forth herein.

7. At all times relevant, CURGINO was a plan participant or former plan participant under the terms and conditions of the LTD Plans.

8. Prior to disability CURGINO worked as a Assistant Vice President for AVP, Architect and Engineers for Starr.

9. During the course of CURGINO's employment, CURGINO became entitled to benefits under the terms and conditions of the LTD Plan. Specifically, while CURGINO was covered under the LTD Plans, CURGINO suffered a disability, the nature of which due to privacy concerns is set forth in detail in the administrative record, rendering him disabled as defined under the terms of the LTD Plan.

10. Pursuant to the terms of the LTD Plans, CURGINO made a claim to HARTFORD for benefits under the LTD Plan with an effective date of disability of September 24, 2019.

11. Following the applicable elimination period, long term disability benefits would have become payable on April 1, 2020.

12. The LTD Plan defines disability to mean You are prevented from performing one or more of the Essential duties of (1) Your Occupation during the Elimination Period; and (2) Your Occupation following the Elimination Period, and as result Your Current Monthly Earnings are less than 80% of Your Indexed Pre-Disability Earnings.

13. Your Occupation is defined to mean Your Occupation as it is recognized in the general workplace. Your Occupation does not mean the specific job You are performing for a specific employer or at a specific location.

14. Essential Duty means a duty that is substantial, not incidental; (2) is fundamental or inherent to the occupation; and (3) cannot be reasonably omitted or changed. Your ability to work the number of hours in Your regularly scheduled work week is an Essential Duty.

15. HARTFORD notified CURGINO on May 29, 2020, that upon review of his medical information it was determined that he was not disabled under the terms and conditions of the LTD Policy.

16. On June 22, 2020, the undersigned submitted a letter of representation to HARTFORD requesting a copy of CURGINO's claim file and notifying HARTFORD that the undersigned would be submitting an appeal of the May 29, 2020, denial.

17. On June 24, 2020, HARTFORD wrote the undersigned acknowledging receipt of the June 22, 2020, correspondence.

18. On November 6, 2020, CURGINO properly appealed HARTFORD's denial of his claim for benefits.

19. On November 6, 2020, the Appeal letter was faxed to Hartford at which time Hartford was notified that a copy of the original appeal letter along with the exhibits were being sent via FedEx.

20. On November 9, 2020, FedEx delivered the appeal to Hartford.

21. On November 11, 2020, HARTFORD acknowledged that the appeal had been received on November 9, 2020.

22. On November 23, 2020, HARTFORD's claim department sent to

4

CURGINO's former counsel a "denial letter" which was an exact copy of the May 29, 2020, denial letter.

23. Due to the fact HARTFORD had not communicated with the undersigned, who was CURGINO's attorney of record, CURGINO, through the undersigned sent a letter to HARTFORD on December 7, 2020, requesting clarification and a status as to the appeal review.

24. On December 10, 2020, HARTFORD provided a vague response to CURGINO's letter of December 7, 2020, and acknowledged that the appeal was being reviewed.

25. On December 15, 2020, HARTFORD sent communication to CURGINO that the appeal was received on November 23, 2020, which as in conflict with HARTFORD's prior correspondence that the appeal was received on November 9, 2020.

26. The December 15, 2020, correspondence was sent via mail and was received by the undersigned on December 21, 2020.

27. CURGINO, through counsel, attempted to contact the appeals manager to seek clarification as to the inconsistency in information and was advised that the appeal manager was out of the office.

28. CURGINO, through counsel, sent HARTFORD a letter on December 23, 2020, requesting clarification, and left a voicemail with the appeal claim manager from HARTFORD who was covering the desk of CURGINO's appeal claim manager.

29. HARTFORD left a voicemail for the undersigned on December 23, 2020, stating that the appeal was received on November 23, which is inconsistent with prior HARTFORD communications.

30. Pursuant to ERISA, HARTFORD has 45 days to render a decision, with

the ability to request a 45 day extension for good cause, totaling 90 days to render a decision.

31.     The initial 45 day period with which to render a decision ended on December 24, 2020.

32.     CURGINO did not submit any additional information to HARTFORD following HARTFORD's November 11, 2020, confirmation that the appeal was received on November 9, 2020. As such, HARTFORD has no basis for the tolling of the appeal review.

33.     HARTFORD did not notify the CURGINO's counsel that it was exercising its 45 day extension to review the claim.

34.     As of the date of the filing of this Complaint, 49 days have passed since the filing of the appeal.

35.     HARTFORD has breached its fiduciary duty to CURGINO by failing to make a determination on his appeal within the statutory time frame imposed by ERISA.

36.     HARTFORD is in violation of ERISA, 29 C.F.R. §2560.503-1(i)(3), for failure to render a decision within the statutorily imposed deadlines.

37.     HARTFORD's failure to render a timely response to CURGINO's appeal is a de facto denial of benefits.

38.     CURGINO contends he has exhausted all administrative remedies in light of violation of ERISA, 29 C.F.R. §2560.503-1(i)(3) for failure to render a timely decision.

39.     HARTFORD breached the LTD Plan and violated ERISA in the following respects:

    a.      Failing to pay LTD benefits to CURGINO at a time when

HARTFORD and the LTD Plan knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the LTD Plan, as CURGINO was disabled and unable to work and therefore entitled to benefits.

b. After CURGINO's claim was denied in whole or in part, HARTFORD failed to adequately describe to CURGINO any additional material or information necessary for CURGINO to perfect him claim along with an explanation of why such material is or was necessary.

c. HARTFORD failed to properly and adequately investigate the merits of CURGINO's disability claim and failed to provide a full and fair review of CURGINO's claim.

d. HARTFORD has failed to respond to CURGINO's appeal within the statutory imposed deadlines of ERISA, 29 C.F.R. §2560.503-1(i)(3).

40. CURGINO believes and alleges that HARTFORD wrongfully denied his claim for LTD Benefits under the LTD Plan by other acts or omissions of which CURGINO is presently unaware, but which may be discovered in this future litigation and which CURGINO will immediately make HARTFORD aware of once said acts or omissions are discovered by CURGINO.

41. As a proximate result of the aforementioned wrongful conduct of HARTFORD under the LTD Plan, CURGINO has damages for loss of disability benefits in a total sum to be shown at the time of trial.

42. As a further direct and proximate result of this improper determination regarding CURGINO's claims for benefits, CURGINO, in pursuing this action, has been required to incur attorney's costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), CURGINO is entitled to have such fees and costs paid by HARTFORD.

43. The wrongful conduct of HARTFORD has created uncertainty where none should exist; therefore, CURGINO is entitled to enforce his rights under the terms of the LTD Plan and to clarify his right to future benefits under the LTD Plan.

**REQUEST FOR RELIEF**

WHEREFORE, Andrew Curgino prays for relief against the Hartford Life and Accident Insurance Company as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which he is entitled by virtue of his disability, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of prejudgment and post judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: December 28, 2020.

        ATTORNEYS DELL AND SCHAEFER,
        CHARTERED
        Attorneys for Plaintiff
        2404 Hollywood Boulevard
        Hollywood, FL 33020
        (954) 620-8300

        __/s/ *Stephen F. Jessup*_____
        STEPHEN F. JESSUP, ESQUIRE
        Florida Bar No.: 0026264
        Email: stephen@diattorney.com